**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DARRELL AARON ALEXANDER, a/k/a
Hollywood,
Defendant-Appellant.

No. 99-4072

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-97-399-MJG)

Submitted: August 10, 1999

Decided: September 8, 1999

Before HAMILTON and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Warren A. Brown, WARREN A. BROWN, P.A., Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, James G. Pyne, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrell Aaron Alexander appeals from his conviction on one count of being a felon in possession of a firearm (18 U.S.C.A. § 922(g)(1) (West Supp. 1999)) and one count of possession with intent to distribute heroin (21 U.S.C. § 841(a)(1) (1994), 18 U.S.C. § 2 (1994)). He claims that the district court erred by denying his motion to suppress all evidence seized by police following an allegedly unlawful stop of his car and by allowing an expert witness to give opinion testimony concerning the reasons why people use police scanners. We find no merit to his claims; consequently, we affirm.

Based on information from a confidential informant that Alexander, a convicted felon, was trafficking in heroin and had a gun in his car, law enforcement officers followed Alexander as he drove a BMW from Owings Mills Mall towards Baltimore. Unable to stop him for any traffic violations, the officers decided they nevertheless had enough incriminating evidence to justify stopping him. With the help of several marked Baltimore City patrol cars, an agent from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and a Maryland state police officer in an unmarked patrol car tried to stop Alexander. Initially, Alexander pulled over and the unmarked car stopped in front of him. However, when the ATF agent started to get out of the unmarked car, Alexander accelerated his car, hitting the agent and the unmarked car, throwing the agent into the door jamb of the unmarked car, and damaging the patrol car. Eventually, officers in the marked cars succeeded in stopping Alexander. Under the driver's seat of Alexander's car, they found a loaded pistol. A subsequent search of the apartment the informant said Alexander shared with his girlfriend, pursuant to the girlfriend's consent, revealed heroin, ammunition, Alexander's wallet, and two police scanners.

Alexander's first argument on appeal is that the district court erred by denying his motion to suppress the evidence seized from his auto-

2

mobile and the apartment because the initial automobile stop was illegal, tainting all evidence subsequently seized as fruit of the poisonous tree. We need not decide whether the initial stop was unlawful because Alexander's actions following the initial stop, namely hitting an ATF agent and an unmarked police vehicle with his car, leaving the scene of an accident where there was property damage and possibly bodily injury, and fleeing the Baltimore City Police, justified the second stop. See United States v. Sprinkle, 106 F.3d 613, 619 (4th Cir. 1997). Because all the evidence was seized after this second lawful stop, the district court properly denied Alexander's suppression motion.

Alexander also contends that the district court erred by allowing Special Agent Will Plummer, who qualified as an expert witness concerning the methods of narcotics operations, to testify about why drug dealers would want to listen to police scanners. We find that the district court did not abuse its discretion by allowing this testimony. See United States v. Brewer, 1 F.3d 1430, 1436 (4th Cir. 1993).

For these reasons, we affirm Alexander's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3